**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**      *hearing date June 1,2010 @10:00am*
_____

                                        **Case No.** 09-47895

In Re:

       Frank J. Rinaldi
       fdba F.J.R Home Improvement     **Chapter** 7
                                         **Hon. Jerome Feller**
       Debtor.                         **Notice of Motion for**
_____   **Violation of the Automatic**
                                          **Stay**

**PLEASE TAKE NOTICE** that on June 1, 2010 at 10:00 a.m. or as soon thereafter as I may be heard, I will appear before the Honorable Jerome Feller or any Bankruptcy Judge presiding in his place at 271 Cadman Plaza Room 3554 Brooklyn, New York 11210 and the attached Debtor's Motion for Violation of the Automatic Stay and shall request that the attached Order be entered at which time you may appear if so desired.

**PLEASE TAKE FURTHER NOTICE** that any opposition to this motion shall be made in writing seven (7) days prior to the return date.


Dated: New York, New York
      May 3, 2010


                                      By: /s/ Michelle Labayen
                                      Michelle Labayen, Esq.
                                      Law Office of Lutzky &Labayen
                                      420 Lexington Avenue
                                      Suite 300
                                      NY, NY 10070
                                      212-297-6261
                                      Fax 212-479-2523

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

IN RE:

     **Frank J. Rinaldi**
     **fdba F.J.R Home Improvement**         Case No.: 09-47895
                                         Hon. Judge Feller
          **Debtor.**                      Bankruptcy Judge
                                         **Attorneys Affirmation**

_____


     Michelle Labayen, Esq. an attorney admitted to practice law in the State of New

York hereby affirms under penalty of perjury as follows:

1.  I am an attorney duly admitted to practice in the Federal District Court for the

    Eastern District of New York, I am a partner at the Law Offices of Lutzky &

    Labayen LLP, attorney for the Debtor Frank Rinaldi ( hereinafter "Mr.

    Rinaldi") in the above referenced bankruptcy proceeding.  I make this

    affirmation based upon conversations with the Debtor and review of my file.

2.  I make this affirmation in support of Mr. Rinaldi's violation of the automatic

    stay to prevent a scheduled public auction at debtor's home and immediate

    discontinuation of all collection activities, attorneys fees from Rosenthal

    Goldhaber PC attorneys for the judgment Creditor Bradco Supply Corp. under

    11 U.S.C §362(a) and (h) for willful violations of the Automatic Stay.

<u>JURISDICTION</u>

3.  This Court has jurisdiction over this proceeding pursuant to 11 U.S.C §§1334

    (b) and 157(b)(2)(C) and the Eastern District of New York standing order of

    reference dated August 28, 1986.

## PROCEDURAL HISTORY

4. On September, Mr. 14, 2009 Mr. Rinaldi's Chapter 7 Bankruptcy case was commenced by filing a petition pursuant to 11 U.S.C § 301. Bradco Supply Corp was listed on the creditor list and this Court notified the Creditor by mail of the Bankruptcy filing and automatic stay. See Exhibit A.

5. On October 16, 2009 Mr. Rinaldi's 341 meeting of the creditors was held. Neither Bradco Supply Co. nor the law firm representing Bradco Supply, Rosenthall & Goldhaber, PC appeared at the meeting. Furthermore, they made no objection nor applied to this court for relief.

6. Bradco Supply Corp did not request the Bankruptcy Court under 11 U.S.C §362(d)(1), (2) or (3) to lift the automatic stay.

7. Bradco Supply Corp continued legal action against F.J.R Home Improvements, Inc and Frank J. Rinaldi and received a Judgment on March 16, 2010. See Exhibit B.

8. On April 19, 2010 Mr. Rinaldi received a Marshal's Sale with 72 hours notice to " Pay in Full 72 hours before sale date or sale will be advertised at your expense". See Exhibit C.

9. On April 20, 2010 Attorney for Mr. Rinaldi attempted to request an Order to Show Cause to be entered but failed to state the relevant Local Rule within the request. The application was denied.

10. On April 21, Attorney for Debtor spoke with a representative from the Marshal's office and was informed that the Sale will be stayed until a determination is made in regards to the Creditor's judgment and/or the Debtor's Automatic stay status.

11. As of this Date, the Marshal's Sale has not taken place at the Debtor's home.

<u>DISCUSSION</u>

12. Section 362(a) of the Bankruptcy Court provides an automatic stay of litigation, lien enforcement and other actions that are attempts to collection pre-petition claims. In pertinent part Section 362(a) provides a stay from:

> The commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover claim against the debtor that arose before the commencement of this case:

> The enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case;

> Any act to obtain possession of the property of the estate or of property from the estate or to exercise control over property of the estate;

> Any act to create, perfect or enforce any lien against the property of the estate;
> Any act to create, perfect, or enforce against property of the debtor any lien to the extent such lien secures a claim that arose before the commencement of the case under this title;

> Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of this case…

13. Violations of the automatic stay against the estate of an individual are governed by Section 362(h) of the Bankruptcy Code in which "an individual injured by any willful violation of a stay provided by this section shall recover

actual damages including costs and attorney's fees and in appropriate circumstances may recover punitive damages". <u>In Re Robinson</u>, 228 B.R. 75, 80 (Bankr. E.D.N.Y. 1998).

14. <u>In Re Sucre</u>, 226 B.R 340 (S.D.N.Y 1998), See In <u>Re Yvonne Parry</u> (E.D.N.Y 2004), " The provisions of the automatic stay place the responsibility of discontinuing any pending collection proceedings squarely on the shoulders of the creditor.

15. In <u>Crysen/Montenay Energy Co. v. Esselen Assoc., Inc</u> ( In re Crysen/Montenay Energy Co.) 902 F.2d 1098, 1105 (2d. Cir. 1990), the Second Circuit held that "any deliberate act taken by a creditor in violation of the automatic stay, which the violator knows to be in existence justifies an award of actual damages." Courts have construed Section 362(h) to be construed liberally to ensure that the debtors receive the protection, as promised by the Bankruptcy Court.

16. The party seeking damages for violation of the automatic stay must prove the following elements: (1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were willful violation of the stay and (5) that the debtor suffered damages. Garland v Lawton,2001 Bankr. LEXIS 2186 (Bankr.D.Vt. 2001). The moving party must prove each of these elements by a preponderance of the evidence. <u>In re Robinson</u>, 228 B.R 75,80 (E.D.N.Y 1998).

17. Following <u>In re Robinson</u>, There is no question of fact that (1) the Debtor's bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition and that the(4) the creditors action were a willful violation of the automatic stay.

18. Unlike <u>In Re Jeffrey S. Prusan</u> (E.D.N.Y 2009), the creditor did not take "corrective actions" and this motion is required to prevent a future Marshal's Sale at the Debtor's home.

19. Mr. Rinaldi suffered actual damages in the amount of $150.00 and attorney's fees in the amount of $3,000.

20. Additionally, Mr. Rinaldi, who has a heart condition, incurred significant stress from the 72 hour notice.

21. The creditors are not allowed "self-remedy" to purse continued legal action when they have legal remedy which is provided by the Bankruptcy Court. Rosenthal & Goldhaber, could have taken several steps to pursue any claims that they may have such as:

    i.   Making an appearance with the bankruptcy court;

    ii.  Attend the 341 meeting;

    iii. File a proof of claim;

    iv.  Request relief from the automatic stay; and

    v.   Inquire with debtor's attorney vs continuing legal action to getting a judgment and sending a Marshal's Notice for a 72 hour Auction Sale.

22. Although the law firm states that they have a claim against F.J.R Home Improvement Inc., F.J. R Home Improvement is listed on the bankruptcy caption, listed on the Statement of Financial Affairs with the correct EIN number and included his business debt with the closing of his business.

23. Bradco Supplies received notice of the bankruptcy filing of Frank Rinaldi fdba F. J. R Home improvements because they are the creditor of the Debtor.

24. Upon information and belief, No other entity of F.J.R Home improvements exist except for the entity listed on the debtor's petition.

25. Congress would have carved out exceptions to allow creditors to continue actions against corporations which are owned by debtors if the automatic stay was not to be extended, but none are listed under the many carve outs under the Bankruptcy Code or Rules.

WHEREFORE, Mr. Rinaldi respectfully requests an Order

1. Enforcing the automatic stay;

2. Staying the open pending Public Auction ;

3. Finding a Violation of the Automatic Stay; and other relief that the Court deems as proper.

Dated May 3, 2010                              /s/ Michelle Labayen
New York, New York                             Michelle Labayen 6868
                                               Law Office of Lutzky & Labayen
                                               420 Lexington Ave. suite 300 NYC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**Case No**. 09-47895

In Re:

     Frank J. Rinaldi
     fdba F.J.R Home Improvement     **Chapter** 7
                                       **Hon. Jerome Feller**

     Debtor.
_____     **ORDER**

Upon reading and filing the annexed Affirmation and Motion of Michelle Labayen,

attorney for Frank J. Rinaldi fdba F.J.R Home Improvement, upon all prior papers and

proceeding had herein; and after due deliberation, it is hereby

     ORDERED that BradCo Supplies through their attorney Rosenthal & Goldhaber,

PC has violated the automatic stay pursuant to 11 U.S.C § 362(a) by continuing

collection activities on a debt after notification of the bankruptcy filing; and it is further

     ORDERED that service of this copy of this Order together with all papers upon

which it is based shall be made upon the following by fax and overnight mail by 6:00 pm

on May ___2010

     Rosenthal & Goldhaber PC
     Robert Goldhaber
     212N
     1393 Veterans Memorial Highway
     Hauppauge, NY 11788

And that the same shall be deemed good and sufficient service; and it is further

Dated May __ 2010
Brooklyn, New York               _____
                              Hon. Jerome Feller
                              United States Bankruptcy Judge

**<u>Certificate of Service</u>**

I, Trinia Brown, hereby certify that a copy of the Debtor's Motion for Violation of the

Automatic Stay  has been sent electronically or by ordinary U.S Mail by depositing a true

copy thereof in an official depository  to the below listed parties on May 3, 2010.


US Bankruptcy Court US Trustee Assistant
271 Cadman Plaza
Suite 4529
Brooklyn, NY 11201

Debra Kramer
Debra Kramer, PLLC
98 Cutter Mill Road
Suite 466 South
Great Neck, NY 11021
(516) 482-6300

Robert Goldhaber
Rosenthal & Goldhaber, PC
Suite 212N
1393 Veterans Memorial Highway
Hauppauge, NY 11788

 Frank J. Rinaldi
230-26 87th Avenue
Queens Village, NY 11427



Dated: May 3, 2010                                    /s/ Trinia Brown
New York, New York                                 Law Office of Lutzky & Labayen
                                                             420 Lexington Ave
                                                             Suite 300
                                                             New York, New York 10170
                                                             212-297-6261